UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN SINGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00150-WTL-DKL |
| | ) |
| TROY BLAZIER, | ) |
| ELLIOT PAYNE, | ) |
| ALISON SHINE, | ) |
| KELLI WILDRICH, | ) |
| ALL OF MARION COUNTY COMMUNITY | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

**Entry Denying *In Forma Pauperis* Status and Order to Show Cause**

**I.**
***In Forma Pauperis* Motion**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied as presented**. He shall have **through May 31, 2016**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on April 29, 2016. 42 U.S.C. § 1915(a)(2). Otherwise, the plaintiff must pay the $400.00 filing fee.

**II.**
**Background**

Plaintiff Kevin Singh is an Indiana prisoner currently incarcerated at Putnamville Correctional Facility. In his complaint, Mr. Singh alleges that the defendants violated his constitutional rights when their actions ultimately led to him being charged with violating the terms of his agreement with Marion County Community Corrections ("MCCC"), which in turn led to

the revocation of his ability to be housed at MCCC. He was instead sent to serve an extended portion of his executed sentence in a traditional Indiana Department of Correction ("IDOC") facility. Because Mr. Singh is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

## III.
## Screening

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

MCCC is a community corrections center that provides residents in its custody certain benefits that inmates in more traditional facilities do not have, such as the ability to maintain outside employment. Mr. Singh alleges that the defendants were each involved in bringing forth allegations against him that he violated the terms of his agreement with MCCC. More specifically, Mr. Singh contends that three violations were initially filed and withdrawn, but when he was subsequently charged with a fourth violation, all four violations were submitted to the state court.

A violation hearing was held in the Marion County Superior Court. Mr. Singh alleges that defendant Alison Shine gave perjured testimony at the hearing. The state court found Mr. Singh guilty of the second and third charges, but not guilty of the fourth. Mr. Singh maintains that the second and third charges were improper since they were previously withdrawn. Nevertheless, the finding of guilt as to those two charges led to the revocation of his ability to be housed at MCCC and required him to serve an extended period of time at a traditional IDOC facility. Pursuant to 42 U.S.C. § 1983, Mr. Singh seeks monetary damages for, among other things, the loss of wages, mental anguish, and deprivation of his freedom.

Because Mr. Singh's claims are essentially a challenge to the validity of the violation proceedings that resulted in an extended period of confinement, he is challenging the fact of his confinement. Such a challenge is barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "when 'a judgment in favor of the plaintiff [in his civil suit] would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 484-85)). The *Heck* bar applies in cases such as this where a judgment in the plaintiff's favor would necessarily imply the invalidity of the revocation of parole or certain disciplinary sanctions. *See Blackmon v. Hamblin*, 436 Fed. Appx. 632, 633 (7th Cir. 2011) ("Nor may a prisoner use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of the revocation of his parole."); *Pickens v. Moore*, 806 F. Supp. 2d 1070, 1074 (N.D. Ill. 2011) ("Both as a matter of logic and precedent, *Heck* applies equally to challenges to revocation of parole.") (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000)); *see also Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). In short, when a prisoner

makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim.

The *Heck* bar leads to the dismissal of the plaintiff's claims even though it is an affirmative defense. *See Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 862-63 (7th Cir. 2004). Although a plaintiff need not plead around an affirmative defense in his complaint, "[i]f the allegations . . . show that relief is barred . . . , the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). The requirements of notice pleading are minimal, but when, as here, a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

## IV.
## Conclusion

The plaintiff's allegations show that his claims are subject to the *Heck* bar. He shall have **through May 31, 2016**, in which to **show cause** why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for the reason set forth in this Entry.

**IT IS SO ORDERED.**

Date: 5/4/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN SINGH
242173
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135